IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL WILSON and TIMOTHY WILSON
d/b/a CORRALES ORGANICS,

    Plaintiffs,

vs.                                                     Civ. No. 02-0041 JP/RLP

WILD OATS MARKETS, INC., a Delaware
corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On February 19, 2002, the Plaintiffs filed a Motion and Notice for Remand (Doc. No. 4). Having reviewed the briefs and the relevant law, I find that the motion to remand should be denied.

A. Background

On July 25, 2001, Plaintiff Corrales Organics, a New Mexico company, filed a Complaint for Damages for Breaches of Contract in state court. The complaint named Wild Oats Markets, a Delaware corporation, and Kim Muller, a New Mexico resident, as Defendants. The only specific amount of damages mentioned in the complaint was the $8,000.00 Plaintiff Corrales Organics borrowed in reliance upon a prospective contractual relationship with the Defendants.

On August 29, 2001, Defendant Wild Oats served a motion to dismiss upon Plaintiff Corrales Organics. On September 14, 2001, Plaintiff Corrales Organics filed a First Amended Complaint for Damages for Breaches of Contract. The first amended complaint only changed the Plaintiff from Corrales Organics to Michael and Timothy Wilson doing business as Corrales Organics. On September 24, 2001, Defendant Wild Oats filed a Certificate of Service indicating

its service of answers and responses to the Plaintiffs' first set of interrogatories, requests for production, and requests for admissions. On October 9, 2001, Defendant Wild Oats filed its answer to the first amended complaint. Defendant Muller filed her answer on November 1, 2001. On December 21, 2001, the parties deposed Defendant Muller. On January 8, 2002, the state court dismissed Defendant Muller as a party Defendant. Two days later, Defendant Wild Oats faxed to the Plaintiffs its answers and responses to the Plaintiffs' second set of interrogatories, requests for production, and requests for admissions.

On January 11, 2002, Defendant Wild Oats filed a Notice of Removal (Doc. No. 1) asserting diversity jurisdiction under 28 U.S.C. §1332. Defendant Wild Oats alleges in the Notice of Removal that the Plaintiffs are citizens of New Mexico while Defendant Wild Oats has its principal place of business in Colorado and is incorporated in Delaware. Defendant Wild Oats also alleges that the Plaintiffs have given notice that they are seeking more than the requisite amount in controversy of $75,000. On February 6, 2002, Defendant Wild Oats filed an Amended Notice of Removal (Doc. No. 2) stating that the case became removable once Defendant Muller was dismissed and that the Plaintiffs have given notice that they are seeking more than $100,000 in this action.

On January 30, 2002, the Plaintiffs served Defendant Wild Oats by mail, and apparently by fax, their Motion and Notice for Remand, and Plaintiffs' Memorandum of Facts and Law in Support of Their Motion to Remand. Defendant Wild Oats served its response to the motion to remand by faxing the response to the Plaintiffs on February 18, 2002 (a federal holiday) and mailing the response to Plaintiffs on February 19, 2002. Plaintiffs' reply brief was filed March 1, 2002.

B. Discussion

As a preliminary matter, the Plaintiffs argue that their motion to remand should be granted because Defendant Wild Oats' response brief was untimely. The Plaintiffs contend that Defendant Wild Oat should have served its response brief on February 14, 2002, not on February 18, 2002. D.N.M. LR-Cv 7.6(a) states that a response brief is due fourteen days after service of a motion. Service can be made by mail or by electronic transmission via facsimile. *See* D.N.M. LR-Cv 1.5(d)(defining "electronic transmission" to include facsimiles); D.N.M. LR-Cv 5.6(b)(allowing service by electronic transmission). Service by electronic transmission is the equivalent of service by mail and is complete upon transmission. D.N.M. LR-Cv 5.6(b). Since service by an electronic transmission is the equivalent of service by mail, Fed. R. Civ. P. 6(e) is applicable to both service by an electronic transmission and mail. Rule 6(e) provides for the addition of three days to the time period within which to serve a document. Adding those three days and the federal holiday to Defendant Wild Oats' response time makes the response brief timely.

The Plaintiffs also argue that a remand is appropriate for three reasons. First, the Plaintiffs contend that Defendant Wild Oats' Notice of Removal is untimely. Second, the Plaintiffs contend that Defendant Wild Oats waived its right to removal because its actions in state court indicate a submission to state court jurisdiction. Third, the Plaintiffs contend that Defendant Wild Oats has not shown that diversity jurisdiction exists.

1. Whether the Notice of Removal is Untimely.

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996)(citing 28 U.S.C. §1446(b)) held that "[i]n a case not originally removable, a defendant who receives a pleading or other paper

indicating the postcommencement satisfaction of federal jurisdictional requirements--for example, by reason of the dismissal of a nondiverse party--may remove the case to federal court within 30 days of receiving such information." This case was not removable until the state court dismissed Defendant Muller, a nondiverse party, from the case on January 8, 2002. Defendant Wild Oats filed the first Notice of Removal on January 11, 2002 and filed the Amended Notice of Removal on February 6, 2002. Both of these Notices of Removal were filed within thirty days of the dismissal of Defendant Muller. Accordingly, the Notices of Removal are timely.

      2. Whether Defendant Wild Oats Waived its Right to Removal.

"A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994)(citations omitted). The "'waiver of the right of removal must be clear and unequivocal.'" *Id.* (quoting *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989)). "In general, the right of removal is waived when the defendant seeks affirmative relief, recovery or an adjudication on the merits in the state court." *Engle v. R. J. Reynolds Tobacco Co.*, 122 F.Supp.2d 1355, 1360 (S.D. Fla. 2000)(citation omitted). A defendant, however, does not manifest an intent to litigate in state court when he or she engages in a defensive action. *Id*. *See also Bayside Developers*, 43 F.3d at 1240.

The only action Defendant Wild Oats took after the case was removable, i.e. after Defendant Muller was dismissed, was to respond to the Plaintiffs' second set of interrogatories, requests for production, and requests for admissions. This action does not demonstrate a clear

and unequivocal intent by Defendant Wild Oats to waive its right to removal. Responding to discovery requests is a defensive action and not an action taken to adjudicate the merits in the state court. Accordingly, Defendant Wild Oats did not waive its right to removal by responding to the Plaintiffs' discovery requests.

       3. Whether there is diversity jurisdiction.

The Plaintiffs argue that Defendant Wild Oats has failed to show that there is diversity jurisdiction. Specifically, the Plaintiffs contend that there is not complete diversity of citizenship and that the amount in controversy has not been met. The Plaintiffs argue first that because Defendant Wild Oats is subject to personal jurisdiction under the New Mexico "long arm" statute, there is not complete diversity among the parties. The fact that Defendant Wild Oats may be subject to personal jurisdiction under the New Mexico "long arm" statute is irrelevant to whether this Court has subject matter jurisdiction under diversity jurisdiction. To have diversity jurisdiction, there must first be complete diversity of citizenship. This means that "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 Partnership v. Texas Intern. Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990). A corporation is a citizen of "any State by which it has been incorporated and of the State where is has its principal place of business...." 28 U.S.C. §1332(c). A natural person is a citizen of the state in which she or he is domiciled. *Walden v. Broce Constr. Co.*, 357 F.2d 242, 245 (10th Cir. 1966). Here, Defendant Wild Oats was incorporated in Delaware and has its principal place of business in Colorado. The Plaintiffs are apparently domiciled in New Mexico. Under these circumstances, there is complete diversity of citizenship.

The Plaintiffs also argue that the first amended complaint does not establish the $75,000 amount in controversy. The Court determines the amount in controversy by the examining the allegations in the complaint, or where the allegations in the complaint are not dispositive, by examining the allegations in the notice of removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). The defendant has the burden of setting forth in the notice of removal the underlying facts which support the assertion that the amount in controversy exceeds $75,000. *See id.* Defendant Wild Oats states in its Amended Notice of Removal that counsel for the Plaintiffs notified Defendant Wild Oats that they are seeking more than $100,000 in damages. The Plaintiffs have not denied this statement in their reply brief. Consequently, Defendant Wild Oats has established that the damages in this lawsuit exceed the amount in controversy.

IT IS ORDERED that Plaintiffs' Motion and Notice for Remand (Doc. No. 4) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE